IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated, | ) ) ) ) Case No. |
| Plaintiff, | ) ) |
| v. | ) Removal from the Circuit Court of ) Cook County, Illinois ) |
| FRAMES FOR AMERICA, INC., | ) Case No.: 2021CH04598 ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Frames for America, Inc. ("defendant") removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, defendant states as follows:

1. Plaintiff Tanya N. Svoboda ("plaintiff") filed a three-count Biometric Information Privacy Act ("BIPA") putative Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, on September 10, 2021, entitled *Tanya N. Svoboda, individually and on behalf of all others similarly situated v. Frames for America, Inc.,* Case No. 2021CH04598 (the "State Court Action"). Plaintiff served the Summons and Complaint on defendant on September 16, 2021.

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil

action in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. §1332(d). These requirements are all met.

4. This Notice of Removal is filed within 30 days of the September 16, 2021, date that defendant was served and is accordingly timely. 28 U.S.C. §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

### VENUE IS PROPER

5. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

6. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

7. Here, the Complaint alleges that plaintiff uploaded a photograph to defendant's "Virtual Try-On" so she could use her mobile device to view images of defendant's eyeglasses on her photograph. It further alleges that the Virtual Try-On "collected, captured, stored, used,

disclosed, and redisclosed" her "facial geometry" from the photograph without her informed consent. (Exhibit A, Compl. ¶¶5, 20, 24-25, 39, 92, 101.)

8. The Complaint alleges a BIPA class action on behalf of a putative class of "All individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained, and/or stored, and/or disclosed, redisclosed or otherwise disseminated, by FramesDirect." (*Id.* ¶70.) Accordingly, this action is properly considered a "class action" under CAFA.

9. The Complaint alleges that plaintiff is a citizen of Illinois and that defendant is a Texas corporation with its principal place of business in Texas. (*Id.* ¶¶7-8.) Thus, CAFA's minimal diversity requirement is met where plaintiff is a citizen of Illinois and defendant is a citizen of Texas. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

10. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6). Since plaintiff seeks $5,000 in statutory damages for *each* willful or reckless violation of BIPA, it is plausible that she seeks to recover that amount each time she or a putative class member used the Virtual Try-On. If we assume one scan per individual x 1,000 individuals x $5,000 per alleged scan + attorneys' fees, the purported damages exceed $5,000,000 aggregated across the putative class. *See* Declaration of Shelley Moore, attached as Exhibit B, ¶¶4-5.) *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner).

3

11. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., ¶¶88, 97, 110, Prayer for Relief (E) & (F).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

12. To be clear, defendant does not agree that plaintiff or the putative class is entitled to a "per scan" measure of damages under BIPA and continues to deny the validity and merit of plaintiff's BIPA claims. But, for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

13. Under CAFA, defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

**RESERVATION OF RIGHTS**

14. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

15. Under 28 U.S.C. §1446(d), defendant will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

**WHEREFORE**, defendant Frames for America, Inc., respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: October 15, 2021

Respectfully submitted,

By: /s/ Anne E. Larson
One of the Attorneys for Defendant
Frames for America, Inc.

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 15, 2021, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

> Keith J. Keogh
> Theodore H. Kuyper
> Keogh Law, Ltd.
> 55 W. Monroe Street, Suite 3390
> Chicago, Illinois 60603
> *keith@keoghlaw.com*
> *tkuyper@keoghlaw.com*
>
> ***Attorneys for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendant

48612037.2