# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/16/2021
CT Log Number 540254547

**TO:** Susie Merkel
Essilor of America, Inc.
13555 N Stemmons Fwy
Dallas, TX 75234-5765

**RE:** **Process Served in Texas**

**FOR:** Frames for America, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TANYA N. SVOBODA, individually and on behalf of all others similarly situated vs. FRAMES FOR AMERICA, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH04598 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/16/2021 at 02:02 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/16/2021, Expected Purge Date: 09/21/2021<br><br>Image SOP<br><br>Email Notification, David J. Milan dmilan@essilorusa.com<br><br>Email Notification, Peggy Hintergardt phintergardt@essilorusa.com<br><br>Email Notification, Susie Merkel susie.merkel@essilorusa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Sep 16, 2021

**Server Name:**       Krystal Jones

| | |
|---|---|
| Entity Served | FRAMES FOR AMERICA, INC. |
| Case Number | 2021CH04598 |
| Jurisdiction | TX |





Hearing Date: 1/10/2022 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
    Cook County, IL

FILED
9/10/2021 1:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04598

14773134

FILED DATE: 9/10/2021 1:20 PM   2021CH04598

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Tanya N. Svoboda

_____

Plaintiff(s)

v.

Frames For America, Inc.

_____

Defendant(s)

c/o CT Corporation System, Registered Agent,
1999 Bryan St., STE. 900 Dallas, TX 75201

_____

Address of Defendant(s)

Case No.    2021 CH 04598

Please serve as follows (check one): ○ Certified Mail ● Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 39042

◯ Pro Se 99500

Name: Keith J. Keogh

Atty. for (if applicable):

Tanya N. Svoboda

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL  Zip: 60603

Telephone: 312-726-1092

Primary Email: Keith@KeoghLaw.com

9/10/2021 1:20 PM IRIS Y. MARTINEZ

Witness date

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

FILED DATE: 9/10/2021 1:20 PM   2021CH04598

**12-Person Jury**

Hearing Date: 1/10/2022 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
Cook County, IL

Firm No. 39042
FILED
9/10/2021 9:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04598

14765510

*FILED DATE: 9/10/2021 9:13 AM   2021CH04598*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION** |
| v. | ) ) | Case No. 2021CH04598 |
| FRAMES FOR AMERICA, INC., | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff Tanya N. Svoboda ("Plaintiff"), individually and on behalf of all other persons similarly situated, brings this class action lawsuit against Defendant Frames for America, Inc. ("FramesDirect" or "Defendant") for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Plaintiff alleges the following facts based on personal knowledge, investigation by her counsel, and on information and belief where indicated.

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of FramesDirect in collecting, capturing, storing, using, disclosing, and redisclosing her and other similarly-situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "Biometrics") without first developing the requisite data retention and destruction policies, making the required disclosures, and obtaining prior informed written consent, in direct violation of BIPA

---

[1] A "biometric identifier" is any personal feature that is biologically unique to an individual, such as retina scans, fingerprints, and scans of face geometry.  740 ILCS 14/10.

[2] "Biometric information" is any information based on a person's biometric identifier used to identify an individual.  740 ILCS 14/10.

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers" such as social security numbers, which can be changed if compromised. 740 ILCS 14/5(c). "Biometrics . . . are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      Recognizing the need to protect citizens from these risks, Illinois enacted BIPA, which prohibits private entities like FramesDirect from collecting, capturing, obtaining and/or possessing an individual's Biometrics unless they first: (1) inform the person in writing that biometric identifiers or information will be collected or stored; (2) provide the person with written notice of the specific purpose and length of term for which such biometric identifiers or information is being collected, stored, and used; (3) receive a written release signed by the person authorizing the collection of his or her biometric identifiers and information; and (4) develop and comply with a publicly-available retention schedule and guidelines for permanently destroying the biometric identifiers and information. *See* 740 ILCS 14/15(a)-(b).

4.      BIPA also prohibits private entities like FramesDirect from disclosing, redisclosing, or otherwise disseminating an individual's Biometrics unless: (1) the individual consents to the disclosure or redisclosure before it occurs; (2) the disclosure or redisclosure completes a financial transaction the individual requested or authorized; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. *See* 740 ILCS 14/15(d).

5.      In direct violation of these requirements, FramesDirect collected, captured, stored, used, disclosed, and redisclosed—without first providing notice and the required information,

2

FILED DATE: 9/10/2021 9:13 AM  2021CH04598

obtaining informed written consent, or creating written publicly-available data retention and destruction guidelines—the facial geometry and associated personal identifying information of thousands if not millions of unwitting Illinois residents who used FramesDirect's virtual "Try-On" programs and applications (the "Virtual Try-On Programs") from computers and other devices in Illinois.

6.      Plaintiff brings this action to prevent FramesDirect from further violating the privacy rights of Illinois residents, and to recover statutory damages for FramesDirect's unauthorized collection, storage, and use of those individuals' Biometrics in violation of BIPA.

## PARTIES

7.      Plaintiff Tanya N. Svoboda is and has been at all times relevant a resident of Cook County, Illinois.

8.      Defendant Frames for America, Inc. is a corporation organized under Texas law with its headquarters and principle place of business at 2801 S. Interstate 35, Suite 170 in Austin, Texas 78741.

9.      Frames for America, Inc. is an online eyewear retailer that sells eyewear under the service mark FramesDirect.com, including in Illinois to Illinois residents, via the website framesdirect.com.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(a)(1), 735 ILCS 5/2-209(a)(2), 735 ILCS 5/2-209(b)(4), and 735 ILCS 5/2-209(c).  The alleged tortious acts and conduct that are the subject of this action occurred in Illinois, Defendant does business in Illinois, and Defendant targets business activity in Illinois and purposefully avails itself of the

3

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

laws, protections, and advantages of doing business in Illinois with Illinois consumers like Plaintiff.

11.     Venue is proper under 735 ILCS 5/1-101(2) because this is the county in which the transaction, or some part thereof, occurred.

## FACTUAL BACKGROUND

**I.     Illinois's Biometric Information Privacy Act.**

12.     Biometrics are unlike other identifiers because they are a permanent, biologically-unique identifier associated with the individual.   Because one cannot simply change her fingerprints or facial geometry, the collection, use, storage, and handling of biometric identifiers and biometric information creates a heightened risk of identity theft. *See* 740 ILCS 14/5(c).

13.     In the 2000's, major national corporations started using Chicago and other locations in Illinois to test new applications of biometric-facilitated transactions. *See* 740 ILCS 14/5(b).

14.     In late 2007, a biometric company called Pay by Touch—which provided major retailers throughout the State of Illinois with biometric scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' biometric records—which can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections. The bankruptcy also highlighted that many persons who used the biometric scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric identifiers could then be sold and disseminated to unknown third-parties.

4

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

15.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

16.     BIPA makes it unlawful for a company to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or information unless the company first:

    a)  informs the subject in writing that a biometric identifier or information is being collected or stored;

    b)  informs the subject in writing of the specific purpose and length of term for which a biometric identifier or information is being collected, stored, and used; and

    c)  receives a written release executed by the subject of the biometric identifier or information.

740 ILCS 14/15(b).

17.     BIPA defines a "written release" as "informed written consent." 740 ILCS 14/10.

18.     BIPA also requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting such identifiers or information has been satisfied, or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

19.     In addition, BIPA makes it unlawful for a company in possession of a biometric identifier or information to disclose, redisclose, or otherwise disseminate the biometric identifier or information unless:

    a)  The company obtains the subject of the biometric identifier or information consents to the disclosure or redisclosure;

    b)  the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or information;

5

118556_2

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

    c)  the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

    d)  the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

20.    As alleged below, FramesDirect's practice of collecting, capturing, storing and using individuals' biometric identifiers (specifically, scans of their facial geometry) and associated biometric information without prior informed written consent violated BIPA § 15(b). FramesDirect's disclosure and redisclosure of those biometric identifiers and information to third-parties without prior informed consent violated BIPA § 15(d). And FramesDirect's failure to develop and comply with a publicly-available written policy establishing FramesDirect's retention schedule and guidelines for the permanent destruction of individuals' biometric identifiers and biometric information violated BIPA § 15(a).

## II.    FramesDirect Collected, Captured, and Disclosed Plaintiff's Biometrics.

21.    FramesDirect developed the Virtual Try-On Programs in order to compete with other eyewear retailers and increase its sales.

22.    FramesDirect's Virtual Try-On Programs were, at all times relevant, available via the FramesDirect.com website.

23.    Using augmented reality technology, FramesDirect's Virtual Try-On Programs allow consumers to virtually try-on eyeglasses and sunglasses to get an impression of how the eyewear would look on the consumer's face in-person.

24.    In order to use the Virtual Try-On Programs, consumers are required to either upload a preexisting photograph of their face, or turn on and use a camera to take a new photo of their face to upload.

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

25.     FramesDirect's application then scans the consumer's facial geometry and uses the facial geometry or landmarks obtained from the photo to apply or place the virtual eyewear onto the face in the photo.

26.     FramesDirect's Virtual Try-On Programs use an algorithm that scans the face in each photo to detect facial features or landmarks and calculates a unique digital map of the face (*i.e.* a face template) based on geometric attributes such as the distance between various facial features.  Accordingly, each face template constitutes a "biometric identifier." *See* 740 ILCS 14/10.

27.     Much like fingerprints, voiceprints, and retinal patterns, each face template is unique to, and can be used to identify, a particular person.

28.     The Virtual Try-On Programs use the scan of the facial geometry or face template to, among other things, apply or place the virtual eyewear onto the face in the photo.

29.     FramesDirect stores the face templates extracted from the photographs used in connection with the Virtual Try-On Programs in a database.

30.     This is all an automated process that occurs without the user's involvement or consent whenever a photograph is uploaded or used in connection with the Virtual Try-On Programs.

31.     Users cannot disable this technology, nor can they prevent FramesDirect from harvesting their biometric identifiers (*i.e.* scans of face geometry) whenever a photograph is uploaded or used for the Virtual Try-On Programs.

32.     Because disabling this feature is not an option, use of the Virtual Try-On Programs is *conditioned* on the collection of Biometrics.

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

33.     FramesDirect indiscriminately collects and captures Biometrics of all users who appear in any photo uploaded or used for the Virtual Try-On Programs, including minors incapable of providing informed consent.

34.     FramesDirect discloses those Biometrics to third-party service providers, business partners and marketing partners, as well as FramesDirect's affiliated companies, for commercial and other purposes.

**III.    FramesDirect Possesses Plaintiff's Biometrics.**

35.     FramesDirect has complete and exclusive control over the Biometrics collected, captured, and stored in connection with the Virtual Try-On Programs. To be clear, FramesDirect controls:

- Whether biometric identifiers are collected and captured;

- Which biometric identifiers are collected and captured;

- The type of Biometrics that are collected and captured, and the format in which they are stored;

- The algorithm that is used to collect and capture Biometrics;

- Which Biometrics are saved;

- Whether Biometrics are disclosed and to whom;

- Whether information based on biometric identifiers is used to identify users (thus creating biometric information);

- Where Biometrics are stored;

- How long Biometrics are stored; and

- Whether Biometrics are encrypted or otherwise protected.

36.     The user of the Virtual Try-On Programs, in contrast, has no ability to control the Biometrics collected, captured, and stored.

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

37.     Users cannot disable the collection of Biometrics or limit what data is collected or captured.

38.     Thus, FramesDirect fully controls—and thus, possesses—the Biometrics harvested from photos uploaded in connection with the Virtual Try-On Programs.

## IV.     Plaintiff's Experience with FramesDirect's Virtual Try-On Programs.

39.     Plaintiff used FramesDirect's Virtual Try-On Programs by accessing the FramesDirect.com website from a mobile device in Illinois on multiple separate occasions to virtually try-on various pairs of glasses.

40.     In order to use FramesDirect's augmented reality Virtual Try-On Programs to virtually try-on glasses, FramesDirect required Plaintiff to either upload a preexisting photo of her face, or turn on and use a camera to take a new photo of her face to upload.

41.     Each time Plaintiff used the Virtual Try-On Programs, she was required to upload a preexisting photo of her face, or turn on and use a camera to take a new photo of her face to upload.

42.     Each and every time Plaintiff used FramesDirect's Virtual Try-On Programs, she turned on and used a camera to take a new photo of her face and uploaded the photo, at which point the Virtual Try-On Programs scanned, collected, captured, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates).

43.     On each occasion, the Virtual Try-On Programs simulated what Plaintiff would look like wearing different pairs of glasses by using her facial geometry and/or landmarks obtained from the photo to virtually apply or place the virtual glasses onto her face.

44.     FramesDirect also disclosed and redisclosed Plaintiff's Biometrics to third-party service providers, business partners, marketing partners, and/or FramesDirect's affiliates.

9

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

45. FramesDirect has not informed Plaintiff that it would collect and capture her Biometrics whenever she uploaded a photograph of herself in connection with the Virtual Try-On Programs.

46. FramesDirect has not informed Plaintiff that the Virtual Try-On Programs will operate to collect, capture, use, store, and disclose her Biometrics whenever a photograph of her face is uploaded or used in connection with the Virtual Try-On Programs.

47. FramesDirect never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, capture, storage, use, or disclosure of her unique biometric identifiers and biometric information.

48. FramesDirect never provided Plaintiff with a retention schedule or guidelines for permanently destroying her biometric identifiers and biometric information.

49. FramesDirect did not obtain Plaintiff's consent—in any form—to collect, capture, disclose, or redisclose her biometric identifiers and biometric information prior to FramesDirect collecting, capturing, disclosing, and redisclosing her biometric identifiers and biometric information.

50. FramesDirect never provided Plaintiff with, nor did she ever sign, a written release allowing FramesDirect to collect, capture, store, or use her unique biometric identifiers or biometric information.

51. FramesDirect did not obtain Plaintiff's prior informed consent to disclose or redisclose her biometric identifiers or biometric information.

52. By collecting, capturing, storing, using, and disclosing Plaintiff's unique biometric identifiers and biometric information without her prior informed written consent, FramesDirect invaded Plaintiff's statutorily protected right to privacy in and control over her Biometrics.

10

53.     FramesDirect's acts and omissions denied Plaintiff the opportunity to consider whether the terms of FramesDirect's collection, capture, storage, use, and disclosure of her biometric identifiers and biometric information were acceptable given the attendant risks, denied her the opportunity to avoid the collection, capture and disclosure of her data, denied her the ability to object to the way her data was being handled, and denied her the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed her concrete interests that the legislature sought to protect by enacting BIPA.

54.     FramesDirect's failure to permanently destroy Plaintiff's biometric identifiers and biometric information resulted in FramesDirect's unlawful retention of her Biometrics, thereby inflicting a concrete and particularized privacy injury separate and distinct from FramesDirect's unlawful collection, capture, and disclosure of her biometric identifiers and biometric information.

## V.     FramesDirect's Conduct Violated BIPA and Injured Illinois Residents in Illinois.

55.     In violation of BIPA § 15(a), FramesDirect does not have a written, publicly-available policy establishing a retention schedule or guidelines for permanently destroying the biometric identifiers and biometric information it collected or otherwise obtained, and FramesDirect did not permanently destroy those within the statutorily-mandated timeframes.

56.     In violation of BIPA § 15(b)(1), FramesDirect collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing those residents in writing that their biometric identifiers and biometric information were being collected or stored.

57.     FramesDirect never informed or disclosed to Illinois residents, as part of the process of using the Virtual Try-On Programs or otherwise, that FramesDirect collects, captures, and stores those residents' Biometrics from photos uploaded in connection with the Virtual Try-On Programs.

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

11

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

58.     FramesDirect never indicates or discloses to the consumers who use its Virtual Try-On Programs that it is collecting, capturing, storing, and disclosing their Biometrics.

59.     FramesDirect, however, does indeed collect, capture, use, and store consumers' Biometrics.

60.     FramesDirect also discloses the consumers' Biometrics to third-parties.

61.     In violation of BIPA §§ 15(b)(2) and 15(b)(3), FramesDirect collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing them in writing of the specific purpose and length of time for which their biometric identifiers and information would be collected, stored and used, and obtaining their prior informed written consent and written releases executed by each of them.

62.     In violation of BIPA § 15(d), FramesDirect disclosed those Illinois residents' biometric identifiers and biometric information to third-parties without first informing those Illinois residents and obtaining their consent.

63.     FramesDirect chose to use biometric identifiers and information obtained from photographs that were: (1) of Illinois residents; (2) created in Illinois; (3) uploaded from computers and mobile devices in Illinois; (4) by Illinois residents.  In so doing, FramesDirect exposed Illinois residents and citizens to ongoing privacy risks in Illinois, knowing its conduct would injure those residents and citizens in Illinois.

64.     FramesDirect knew (or had reason to know) that obtaining Illinois residents' and citizens' biometric identifiers and biometric information in violation of BIPA would deprive those residents and citizens of their statutorily-protected information and privacy rights, neutralize their ability to control access to their biometric identifiers and biometric information, and expose them to potential surveillance and other privacy harms in Illinois.  As such, Illinois has a direct interest

12

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

in regulating the unlawful conduct alleged herein in order to protect the rights of its citizens and residents.

65.     As the Illinois Legislature has found and the Illinois Supreme Court has confirmed, the harm to Plaintiff and the Class from the BIPA violations alleged herein has already occurred.

66.     Given the risks of biometric data collection and disclosure, public policy in Illinois expressly provides its citizens with the right to control the fate of their unique biometric identifiers and information. FramesDirect's acts and omissions—including, but not limited to, its failure to provide the necessary disclosures and obtain the requisite consent—deprived Plaintiff and the Class of this right.

67.     As a result of FramesDirect's unlawful conduct, Plaintiff and the other members of the Class have already sustained information and privacy injuries in Illinois and face additional impending injuries.

68.     Due to FramesDirect's illegal actions, Plaintiff's and the Class's biometric identifiers and information are no longer under their control and are available to a potentially-unlimited range of unknown individuals, exposing Plaintiff and the Class to the imminent and impending injuries of identity theft, fraud, stalking, surveillance, and other invasions of privacy.[3]

69.     Indeed, there is already an illegal market for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data—including fingerprints, iris scans, and facial photographs—of over one billion citizens of India.[4]  In January 2018, an Indian newspaper reported that, as part of a

---

[3] Samir Jeraj, *With facial recognition technology, how safe is your data?*, The New Statesman, March 2, 2020, *available at* https://www.newstatesman.com/spotlight/cyber/2020/03/facial-recognition-technology-how-safe-your-data.

[4] Vidhi Doshi, *A security breach in India has left a billion people at risk of identity theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-

13

118556_2

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

sting, it took the newspaper only about 10 minutes and less than $7.00 to purchase the data housed in Aadhaar, and for a mere $4.00 extra, it also purchased the software necessary to misuse that data for fraud.[5]

## CLASS ALLEGATIONS

70.    **Class Definition:** Plaintiff brings this action on behalf of a class of all similarly-situated individuals (the "Class") that is defined, subject to amendment, as follows:

> All individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained, and/or stored, and/or disclosed, redisclosed or otherwise disseminated, by FramesDirect.

71.    Plaintiff represents and is a member of the Class.  Excluded from the Class are FramesDirect and any entities in which FramesDirect has a controlling interest, FramesDirect's employees and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

72.    Certification of Plaintiff's claim for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

73.    **Numerosity – 735 ILCS 5/2-801(1).**  The number of persons within the Class is substantial, and is reasonably believed to include thousands of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of

---

security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/.

[5] Rachna Khaira, *Rs 500, 10 minutes, and you have access to billion Aadhaar details*, The Tribune (Jan. 4, 2018), *available at* https://www.tribuneindia.com/news/archive/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details-523361.

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

determining and adjudicating the merits of this litigation. While the exact number of Class member is currently unknown, this information can be ascertained from FramesDirect's and third-parties' records. Class members can be notified about the pendency of this action through recognized, Court-approved methods of notice dissemination, such as U.S. Mail, electronic mail, internet postings, and/or published notice.

74. **Commonality and Predominance – 735 ILCS 5/2-801(2).** This action involves common questions of law and fact, which predominate over any questions affecting Class members, including, without limitation;

(a) whether FramesDirect collected, captured, or otherwise obtained the Class members' biometric identifiers or biometric information;

(b) whether FramesDirect possessed the Class members' biometric identifiers or biometric information;

(c) whether FramesDirect informed the Class members in writing that their biometric identifiers and biometric information are being collected or stored;

(d) whether FramesDirect informed Class members in writing of the specific purposes and length of term for which their biometric identifiers and biometric information are being collected, stored, and used;

(e) whether FramesDirect received a signed written release (as defined in 740 ILCS 14/10) to collect, capture, use, and store each Class member's biometric identifiers and biometric information;

(f) whether FramesDirect disclosed, redisclosed, or otherwise disseminated the Class members' biometric identifiers or biometric information;

(g) whether FramesDirect received prior informed consent to disclose or redisclose the Class members' biometric identifiers or biometric information;

(h) whether FramesDirect maintained a publicly-available written policy establishing a retention schedule and guidelines for the destruction of biometric identifiers and information at the time it collected the Class members' biometric identifiers and biometric information;

15

FILED DATE: 9/10/2021 9:13 AM 2021CH04598

(i) whether FramesDirect complied with any such written policy;

(j) whether FramesDirect permanently destroyed the Class members' biometric identifiers and biometric information;

(k) whether FramesDirect used the Class members' biometric identifiers or biometric information to identify them;

(l) whether FramesDirect violated BIPA; and

(m) whether FramesDirect's violations of BIPA were negligent, reckless, or intentional.

75.     **Adequacy of Representation – 735 ILCS 5/2-801(3).** Plaintiff has retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition.

76.     **Superiority – 735 ILCS 5/2-801(4).** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I
### Violation of 740 ILCS 14/15(a)
### (On Behalf of Plaintiff and the Class)

77.    Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

78.    BIPA requires private entities in possession of Biometrics to establish and maintain a biometric data retention—and, importantly, deletion—policy. Specifically, those entities must: (i) develop and make publicly available a written policy establishing a retention schedule and guidelines for permanent destruction of biometric data (at most three years after the entity's last interaction with the individual); and (ii) adhere to that retention schedule and actually delete the biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

79.    FramesDirect failed to comply with either of these BIPA mandates.

80.    FramesDirect is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

81.    Plaintiff and the Class members are individuals whose biometric identifiers and/or biometric information are possessed by FramesDirect.

82.    In violation of BIPA, FramesDirect did not develop the statutorily-mandated retention schedule and destruction guidelines before it collected, captured, and stored Plaintiff's and the Class member's biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

17

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

83.     In violation of BIPA, FramesDirect did not permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information as required. *See* 740 ILCS 14/15(a).

84.     By failing to destroy Plaintiff's and the Class members' biometric identifiers and biometric information, FramesDirect unlawfully retained their Biometrics.

85.     In so doing, FramesDirect deprived Plaintiff and the Class of their statutory right to maintain the privacy of and control over their biometric identifiers and biometric information.

86.     FramesDirect's conduct intentionally or recklessly violated BIPA with respect to Plaintiff and the Class members.

87.     In the alternative, FramesDirect's conduct negligently violated BIPA with respect to Plaintiff and the Class members.

88.     Accordingly, Plaintiff, on behalf of herself and the Class, seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring FramesDirect to immediately and permanently destroy their biometric identifiers and biometric information, and to comply with BIPA's requirements that private entities maintain and comply with publicly-available guidelines for permanently destroying biometric identifiers and biometric information; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

## COUNT II
### Violation of 740 ILCS 14/15(b)
### (On Behalf of Plaintiff and the Class)

89.     Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

90.     BIPA requires private entities such as FramesDirect to obtain informed written consent from individuals before acquiring their Biometrics. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's . . . biometric identifier or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

91.     FramesDirect is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

92.     Plaintiff and the Class members are individuals whose "biometric identifiers" and "biometric information," as defined by the BIPA—including, without limitation, scans of their facial geometry—were collected, captured, purchased, received through trade, or otherwise obtained, and stored and used, by FramesDirect.

93.     FramesDirect violated BIPA by collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining informed written consent and a signed written release from each of them. *See* 740 ILCS 14/15(b).

19

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

94.     In so doing, FramesDirect deprived Plaintiff and the Class of their statutory right to maintain the privacy of and control over their biometric identifiers and biometric information.

95.     FramesDirect's conduct intentionally or recklessly violated BIPA with respect to Plaintiff and the Class members.

96.     In the alternative, FramesDirect's conduct negligently violated BIPA with respect to Plaintiff and the Class members.

97.     Accordingly, Plaintiff, on behalf of herself and the Class, seeks: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); (3) injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring FramesDirect to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information, as described herein; and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT III
### Violation of 740 ILCS 14/15(d)
### (On Behalf of Plaintiff and the Class)

98.     Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

99.     BIPA requires private entities such as FramesDirect to obtain consent from individuals before disclosing their Biometrics.  Specifically, BIPA makes it unlawful for any private entity to "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure

118556_2

or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

100. FramesDirect is a corporation or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

101. Plaintiff and the Class members are individuals whose "biometric identifiers" and "biometric information," as defined by the BIPA—including, without limitation, scans of their facial geometry—were disclosed, redisclosed, and/or otherwise disseminated by FramesDirect.

102. Plaintiff and the Class members did not consent to FramesDirect disclosing, redisclosing, or otherwise disseminating their biometric identifiers and biometric information, nor did their legally authorized representatives.

103. The disclosure or redisclosure of Plaintiff's and the Class members' biometric identifiers and biometric information was not to complete a financial transaction they, or their legally-authorized representatives, requested or authorized.

104. The disclosure or redisclosure of Plaintiff's and the Class members' biometric identifiers and biometric information was not required by State or federal law or municipal ordinance.

105. The disclosure of Plaintiff's and the Class members' biometric identifiers and biometric information was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

118556_2

FILED DATE: 9/10/2021 9:13 AM    2021CH04598

106. FramesDirect violated BIPA by disclosing, redisclosing, and/or otherwise disseminating Plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining prior informed consent from each of them. *See* 740 ILCS 14/15(d).

107. In so doing, FramesDirect deprived Plaintiff and the Class of their statutory right to maintain the privacy of and control over their biometric identifiers and biometric information.

108. FramesDirect's conduct intentionally or recklessly violated BIPA with respect to Plaintiff and the Class members.

109. In the alternative, FramesDirect's conduct negligently violated BIPA with respect to Plaintiff and the Class members.

110. Accordingly, Plaintiff, on behalf of herself and the Class, seeks: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); (3) injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring FramesDirect to comply with BIPA's requirements for the disclosure, redisclosure, and other dissemination of biometric identifiers and biometric information, as described herein; and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tanya N. Svoboda, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of any other class the Court deems appropriate);

118556_2

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

B.      Appointing Plaintiff as representative of the Class, and her undersigned attorneys as class counsel;

C.      Declaring that FramesDirect's acts and omissions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

D.      Awarding statutory damages of $5,000 for each and every intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 for each and every negligent violation pursuant to 740 ILCS 14/20(1) if the Court finds that FramesDirect's violations were negligent;

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, requiring Defendant to comply with BIPA's requirements for the collection, storage, use, possession, disclosure, redisclosure, and other dissemination of biometric identifiers and biometric information, and to permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information;

F.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.      Awarding Plaintiff and the Class members pre- and post-judgment interest, to the extent allowable; and

H.      Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated: September 10, 2021

FILED DATE: 9/10/2021 9:13 AM   2021CH04598

Respectfully submitted,

TANYA N. SVOBODA, individually and on behalf of all others similarly situated, Plaintiff

By:  /s/ Keith J. Keogh
Keith J. Keogh
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
Firm No. 39042
keith@keoghlaw.com
tkuyper@keoghlaw.com

***Attorneys for Plaintiff and the Putative Class***

118556_2