```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

TANYA N. SVOBODA,
individually and on behalf of
all others similarly
situated,

    Plaintiff,

  v.

FRAMES FOR AMERICA, INC.,

    Defendants.

Case No. 21 C 5509

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Tanya N. Svoboda ("Svoboda") filed this putative class action suit, individually and on behalf of all others similarly situated, against Defendant Frames for America, Inc. ("Frames") for violations of the Illinois Biometric Information Privacy Act, 740 ILL. COMP. STAT. 14/1—14/99 (2008). Svoboda specifically alleges that Frames has violated BIPA Sections 15(a), 15(b), and 15(d). In response, Frames moves to dismiss under Rule 12(b)(6). For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Frames is an online eyewear retailer that sells prescription and non-prescription glasses through its website. (Am. Compl. ¶ 9, Dkt. No. 16). During the relevant period, Frames offered shoppers a virtual try-on function on its website. (*Id.* ¶ 28). This allows

a user to "virtually try on" a particular set of frames to see how they might look on the user's face. (*Id.* ¶ 29). To use the function, a user must upload a photo of their face to the virtual try-on software. (*Id.* ¶ 30). The virtual try-on software scans the image and uses facial geometry obtained from the photographs to place an image of the frames on the photograph of the user's face. (*Id.* ¶ 31).

On or around January 2018, Svoboda used the virtual try-on software on Frames' website. (*Id.* ¶ 54). Svoboda did not consult with a medical professional while using the virtual try-on function, did not request any treatment from Frames, nor did she purchase any glasses from Frames. (*Id.* ¶¶ 67-73.)

On September 10, 2021, Svoboda filed suit against Frames in the Circuit Court of Cook County. (Dkt. No. 1.) On October 15, 2021, the case was removed to this Court. (*Id.*) On February 1, 2022, Frames filed this Motion to Dismiss. (Dkt. No. 18.)

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) seeks to challenge the sufficiency of a complaint or claim. *Skinner v. Switzer*, 562 U.S. 521, 529 (2011). To survive such a motion, the claim must be facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible if the plaintiff has pled facts that "allow[] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere conclusory statements or recitations of the elements of a claim are insufficient. *Id.* When considering Rule 12(b)(6) motions to dismiss, courts accept all well-pleaded facts as true and view such facts in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 278 (1986).

### III. DISCUSSION

The Illinois legislature enacted Illinois Biometric Information Privacy Act ("BIPA") to "regulat[e] the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 Ill. Comp. Stat.14/5(g). "Biometric identifiers" include an "iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 Ill. Comp. Stat. 14/10. "Biometric information" is defined as any information, "regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* The act specifically states that "[b]iometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996." *Id.* Svoboda argues that this clause in BIPA contains two

separate exemptions, the health care exemption and the Health Insurance Portability and Accountability Act ("HIPAA") exemption. Svoboda argues that the HIPAA exemption is irrelevant to this case, and the Court must only consider the general health care exemption.

Judge Charles P. Kocoras, in this district, recently considered a nearly identical claim and dismissed the plaintiff's claim. *Vo v. VSP Retail Dev. Holding, Inc.*, 2020 WL 1445605 (N.D. Ill. Mar. 25, 2020). In *Vo*, the Plaintiff used another company's Virtual Try-On software, then sued for violations of BIPA. *Id.* at *1. There, Judge Kocoras dismissed the plaintiff's complaint, finding that the "biometric identifiers at issue fall under BIPA's health care exemption." *Id.* *3. Svobda argues that *Vo* is inapplicable because the *Vo* court relied on "irrelevant HIPAA definitions." (Resp. at p. 7, Dkt. No. 22.) The Court disagrees with Svoboda's assertion that *Vo* is inapplicable. However, out of an abundance of caution, the Court will analyze Svoboda's claim through the purported "general health care exemption."

The terms "patient" or "health care setting" are not defined in BIPA. The Court must first define these terms to determine whether BIPA's health care exemption applies here. Svoboda's BIPA claim is a state law claim, so the Court applies the law as the Illinois Supreme Court would. *See Home Valu, Inc. v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, 213 F.3d 960, 963 (7th Cir. 2000).

In construing a statute, courts should primarily aim to ascertain and give effect to the legislature's intent in enacting the statute. *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1204 (Ill. 2019). "That intent is best determined from the plain and ordinary meaning of the language used in the statute." *Id.* When the plain and ordinary language of the statute is unambiguous, courts may not "depart from its terms by reading into its exceptions limitations or conditions that conflict with the express legislative intent." *Id.* (citing *Acme Mkts., Inc. v. Callanan*, 923 N.E.2d 718, 724 (Ill. 2009)).

Dictionary definitions may be consulted when considering the plain and ordinary meaning of a term. *Metropolitan Life Ins. Co. v. Hamer*, 990 N.E.2d 1144, 1151 (Ill. 2013), *see also HollyFrontier Cheyenne Refining, LLC. V. Renewable Fuels Association*, 141 S.Ct. 2172, 2177 (2021). Merriam-Webster defines "patient" as "an individual awaiting or under medical care and treatment" or "the recipient of any of various personal services." *Patient*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/patient (last visited July 21, 2022). "Health care" is defined as "efforts to maintain or restore physical, mental, or emotional well-being

specially by trained and licensed professionals." *Health Care*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/healthcare (last visited July 21, 2022).

Svoboda argues that she was not a recipient of any health care service so was not a patient. Svoboda argues that she did not receive any health care service because she was not treated by any "trained and licensed professionals." However, prescription lenses, non-prescription sunglasses, and frames meant to hold prescription lenses are all Class 1 medical devices. 21 C.F.R. §§ 886.5842–50. Both prescription lenses and non-prescription sunglasses "maintain or restore physical. . .well-being" by correcting or protecting vision. *See Health Care*, MERRIAM-WEBSTER. Even if she did not personally consult with any trained or licensed professional, Svoboda would have received a health care service had she purchased glasses from Frames.

Svoboda argues that she was not a patient because she was only using the virtual try-on software to see if she liked the style of the glasses, not in anticipation of any medical care or treatment. However, Svoboda also alleges that the virtual try-on software "accurately simulated what [she] would look like wearing different pairs of glasses." (Am. Compl. ¶58.) Similar fitting and evaluation services are offered in optometrists' offices when a patient is considering which pair of frames to purchase. Even if

- 6 -

Svoboda did not ultimately purchase any frames or glasses, the fitting and evaluation services she received still constituted a health care service, thus Svoboda was a patient, as she was the recipient of a "various personal service." *Patient*, MERRIAM-WEBSTER. As Judge Kocoras stated, "An individual cannot escape BIPA's health care exemption simply by choosing to forego the health care service for which they were evaluated." *Vo*, 2020 WL 1445605, at *2.

Thus, the Court finds that in using the virtual try-on software, Svoboda was a patient receiving a health care service in a health care setting. Therefore, BIPA's health care exemption applies, and Frames cannot be held liable under BIPA for its collection and use of Svoboda's biometric identifiers or information.

## IV. **CONCLUSION**

For the reasons set forth above, Frames' Motion to Dismiss the Amended Class Action Complaint (Dkt. No. 18) is granted.

**IT IS SO ORDERED.**

                                                         Harry D. Leinenweber, Judge
                                                         United States District Court

Dated: 9/8/2022